UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHARLIE BROOKS,

    Plaintiff,

v.

ROBERT A. HOREL, Warden;
FRANCISCO JACQUEZ, Warden (A);
C. ESSEX, Correctional Officer,

    Defendants.

No. C 09-3749 PJH (PR)

**ORDER OF DISMISSAL**

Plaintiff, an inmate at Pelican Bay State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis.

## BACKGROUND

Plaintiff was convicted of violating a rule against manufacturing alcohol. As punishment he was deprived of thirty days of good time credits.

## DISCUSSION

**A.  Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at 1915A(b)(1),(2).

///

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff contends that defendants had various roles in his conviction of the rule violation. He asserts that the violation report was written in retaliation for his insistence on a receipt for items taken from his cell in a search, and that regulations were not complied with. He says that the good time credits taken from him have not been restored to him because of a rule change.

The United States Supreme Court has held that to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). A claim for damages arising from a conviction or sentence that has not been so invalidated is not cognizable under section 1983. *Id.*

*Heck* has been applied beyond cases which involve a challenge to the fact of conviction or to the sentence as imposed by a court. For instance, it applies to disciplinary decisions that involve a loss of good time credits, such as the challenge plaintiff presents here. *See Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996). If plaintiff is successful here, the length of his confinement would be affected. The *Heck* doctrine therefore applies to plaintiff's claims

When a state prisoner seeks damages in a section 1983 suit to which *Heck* applies, the district court must dismiss the case unless the plaintiff can demonstrate that the decision being challenged has already been invalidated. *Heck*, 512 U.S. at 487. Plaintiff concedes that the rules violation decision is still affecting the length of his confinement, so

clearly it has not been invalidated, and the complaint must be dismissed. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (claims barred by *Heck* may be dismissed sua sponte without prejudice).

**CONCLUSION**

For the foregoing reasons plaintiff's claims are **DISMISSED** without prejudice to asserting them in a new case if a cause of action ever accrues.[1]

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: December 28, 2009.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\CR.09\BROOKS3749.DSM.wpd

---

[1] "[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Heck*, 512 U.S. at 489-90 (footnote omitted).

3